MRS. MARY J. MENEES v. JOE WEISE, et al.

Middle Section. December 23, 1929.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

Louis Leftwich, of Nashville, for appellant.
Price, Schlater & Price, of Nashville, for appellee.

DeWITT, J. The bill in this cause was filed by Mrs. Mary J. Menees to obtain a declaratory judgment determining the portions of taxes to be paid respectively by her as owner and lessor, and by the defendants as lessees, under the terms of a contract of lease between them of a valuable store and ground on Union Street in the City of Nashville. The lease was executed in writing by the parties on February 8, 1923. The period provided was fifteen years, beginning January 1, 1925, the property to be used as a department store. The provisions of the lease giving rise to this controversy are contained in paragraph 7, which is as follows:

"It is understood and agreed that so long as the property remains assessed for taxation, for State, County and City pur-

poses, at its present value the lessor will pay such taxes, and will further pay such taxes at the same rate of taxation or any increase in valuation up to $15,000, in excess of the present assessed value, and the lessees will pay taxes on all assessed value in excess of said $15,000, added assessment. If, however, the rate of taxation is increased on the present assessed value or on any increased assessed valuation, then the lessees will pay all taxes due to such increase in rates. However, the lessor will, during the term of this lease, pay as much for taxes, as a whole, as she pays at the present time, or date of this lease, plus some sum as will equal the present rate of taxation applied to said $15,000 increased assessable value.''

In behalf of Mrs. Menees, the lessor, it is contended that the assessed valuation for the years 1921-1922 should be taken as the basis for calculation of the amount of taxes to be paid by each of the parties, while the lessees contend that the valuation for the years 1923-1924 should be used as such basis.

The Chancellor was of the opinion and decreed, ''that as a matter of fact and of law the assessments for the year 1923 had not been completed and therefore the only assessed value of the property on February 8, 1923, was the amount of the assessment for the year 1922; that the words quoted hereinabove ('its present value,' 'present assessed value,' 'as much for taxes as a whole as she pays at the present time,' 'present rate of taxation'), refer to the assessment then in existence, which was that of the year 1922. It does not appear to the court reasonable to presume, that in any negotiations previous to February 8, 1923, which resulted in the execution of this contract, the parties had in mind, when using the language referred to, some assessments to be thereafter completed.''

The defendants insist that the more reasonable construction of this provision would make the true basis the assessment for the years 1923-1924, because the tax assessment of the property, ''at its present value'' means the value at the date or effectiveness of the lease, the value or amount of which would be ascertained and fixed by the assessing officers as on the 10th day of January, 1923, and nearly two years before the lease became effective; because the language could not possibly have reference to the defunct biennial assessment of 1921-1922 as applying to a lease not becoming effective until January 1, 1925.

The difference is very substantial. For the years 1921 and 1922 the property was assessed by the City of Nashville for taxation at $67,300 and the tax rate was $1.70 per $100; and it was assessed for State and County Taxes for those years at $74,000 and the rate was $1.10 per $100. For the years 1923-1924 it was assessed at $100,000 by the City of Nashville, and the tax rate was $1.70 per

$100. For these years it was assessed for State and County Taxes at $82,000 and the rate was $1.10 per $100.

While the property was assessed for taxation as of the 10th day of January, 1923, as the law provides, the City Tax Assessor did not actually make any assessment upon this property until the latter part of February or first of March, 1923; and his assessment did not become absolute until July 18, 1923, when final action was taken upon it by the Board of City Tax Equalization of the City of Nashville. It was not actually assessed for State and County taxes until sometime after February 8, 1923, and this assessment was not finally passed on by the County Board of Equalization until July 2, 1923. Said assessment and valuation of the property was, as required by law, delivered to the County Court Clerk of Davidson County and transmitted by him to the State Board of Equalization, and its action became final on October 10, 1923.

It is therefore obvious that at the date of the execution of this lease the only assessments upon the property were those made for the years 1921-1922; and that these were the valuations which the parties had in mind as the basis for determination of the portion of the taxes which each should pay in the succeeding years, if the assessments should be increased. The words "that so long as the property remains for taxation at its present value, the lessor will pay said taxes," must be construed as referring to the last assessments which had been made, that is, those for the years 1921-1922. These were the only assessments then upon the property. If the parties had in contemplation the new assessment, for the years 1923-1924, or any future assessment, instead of the known definite and fixed assessment for 1921-1922, they certainly would have set it forth in plain unmistakable terms.

The appellants invoke the rule that as the lease is a grant by the lessor it must be construed most strongly against her and most favorably to the lessees; and all the more because it is ordinarily the duty of the lessor to pay the taxes. We would apply this rule if the words of the lease were ambiguous, but we must take these words in their plain, ordinary sense, and when so taken they are not ambiguous. It is clear that the parties had in mind the last definite assessment made upon the property. This view is strengthened by the last sentence in paragraph 7. The interpretation of that sentence is, no matter what may be the assessment, the lessor will, during the term of the lease pay as much "as she pays at the present time, or date of this lease, plus some sum as will equal the present rate of taxation applied to said $15,000 increased assessable value." The taxes which she would pay at the date of the lease were taxes for the year 1922 and not any taxes for the year 1923.

Although the time had passed for the previous assessment to be operative, it being past the 10th of January, nevertheless, what the parties must be deemed to have had in mind was this last assessment. They could not reasonably be regarded as dealing with the uncertainty of future assessments as an absolute basis for calculation of what each should pay. The words, "so long as the property remains assessed for taxation, for State, County and City purposes, at its present value, the lessor will pay such taxes," refer undoubtedly to the assessment for the years 1921-1922.

It results that all of the assignments of error must be overruled and the decree of the Chancellor affirmed, and it will be so ordered. The costs of the appeal will be adjudged against the appellants and the sureties on their appeal bond.

Faw, P. J., and Crownover, J., concur.